IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA PEARSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12 C 6048 ) |
| FRESENIUS MEDICAL CARE OF ILLINOIS, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Fresenius Management Services, Inc. ("Fresenius")[1] has filed its Answer and Defenses to the Complaint brought against it by its ex-employee Pearson. This memorandum order is occasioned by some problematic aspects of that responsive pleading.

Pearson grounds her Complaint in the Family Medical Leave Act ("FMLA"). No comment is made here as to the technical sufficiency of the Answer as a pleading matter, although it must be confessed that the substantive basis advanced by Fresenius for its conduct seems astonishing. Instead this memorandum order addresses Fresenius' purported affirmative defenses ("ADs"):

1. AD 1 is puzzling. Just what was Pearson supposed to do to "mitigate her damages" if the allegations of the Complaint are accepted as true, as is required by Fed. R. Civ. P. ("Rule") 8(c) and the case law construing and applying it (and see

---

[1] Counsel for plaintiff Andrea Pearson ("Pearson") has apparently gotten Fresenius' name wrong, so the text (but not the caption) of this memorandum order conforms to the name set out in Fresenius' Answer.

also App'x 5 to State Farm Mut. Auto. Ins. Co., 199 F.R.D. 276, 279 (N.D. Ill. 2001))? Unless Fresenius can flesh out that AD with some appropriate support, it will be stricken.

2. AD 2 includes the telltale qualification "to the extent" -- a sure tipoff to the fact that it is totally speculative. It is stricken without prejudice to its possible reassertion if, as and when Fresenius can advance some appropriate support for the existence, rather than the possible future emergence, of "collateral sources."

3. Despite the doubts expressed earlier, this Court will permit AD 3 to remain on the premise that Fresenius may be able to establish its bona fides in acting in the manner charged in the Complaint.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 25, 2012